**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:08CV-P243-H**

**LAWRENCE FROMAN** *et al.*                                                           **PLAINTIFF**

**v.**

**KENTUCKY DEPARTMENT OF CORRECTIONS** *et al.*            **DEFENDANTS**

**MEMORANDUM OPINION**

       Seeking damages and preliminary and permanent injunctive relief, six Plaintiffs[1] incarcerated at the Kentucky State Reformatory ("KSR") filed a *pro se* complaint pursuant to the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc, and the First Amendment to the U.S. Constitution. Plaintiffs sue the Kentucky Department of Corrections ("KDOC") and five of its officers in their individual and official capacities. Those five officers are KDOC Commissioner LaDonna Thompson, KSR Warden Larry Chandler, KSR Deputy Wardens Paige McGuire and Pete Oldham, and KSR Chaplain Paul Joria. Plaintiffs allege that Defendants are denying them daily kosher meals and "nutritionally sufficient meals to break mandatory days of fasting required by tenets of the Jewish religion."

       This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

---

[1] The Plaintiffs are Lawrence Froman, Dale Schwieman, Eric Lloyd Hermansen, James W. Steadman, James Clawson, and Mark H. Johnson.

**A. 42 U.S.C. § 1983**

Since Plaintiffs are complaining of First Amendment violations by a governmental entity and its officials, the Court construes the constitutional claims as being brought pursuant to 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[It is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

On two bases, the Court will dismiss all claims against the KDOC and will dismiss the official-capacity damages claims against the remaining five Defendants. First, neither the KDOC nor the remaining five Defendants sued in their official capacities for damages are "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Second, the KDOC, irrespective of the relief requested, and the remaining state Defendants sued in their official capacities for damages are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993) (advising that neither a state nor its agencies may be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

The Court will allow the Plaintiffs' First Amendment claims to continue against Defendants Thompson, Chandler, McGuire, Oldham, and Joria in their individual capacities for damages and in their official capacities for injunctive relief.

## B.  RLUIPA

The Court will allow the RLUIPA claim to proceed against all Defendants for all relief.

## C.  CONCLUSION

The Court will enter a separate Order dismissing the § 1983 claims against the KDOC and the § 1983 claims against Defendants Thompson, Chandler, McGuire, Oldham, and Joria in their official capacities for damages.  The Court will enter a separate Scheduling Order governing the development of the remaining claims.

Date:

cc:     Plaintiffs, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005