UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-P243-H

LAWRENCE FROMAN, et al.                                                 PLAINTIFFS

V.

KENTUCKY DEPARTMENT OF CORRECTIONS, et al.            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs, several Jewish inmates imprisoned with the Kentucky Department of Corrections ("KDOC"), brought this action alleging violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. In essence, Plaintiffs allege that Defendants violated RLUIPA by refusing to serve them Kosher meals in conformity with the Jewish laws of Kashrut and refusing to provide proper worship space. Two important decisions preceded this motion: (1) the Court dismissed all official capacity claims under the Eleventh Amendment (DN # 8); and (2) the parties have settled all claims for injunctive relief. (DN # 113.) At this time, the only remaining claims are for monetary damages.[1] All Defendants have moved to dismiss on the ground that RLUIPA does not allow for the recovery of monetary damages from Defendants in their individual capacities.[2]

---

[1] In their response brief, Plaintiffs seem to contest that a settlement has been reached or that it is properly being executed. However, all Court documents indicate that the injunctive relief claims have been settled and the case is proceeding solely on the basis of damages. Plaintiffs have not filed a motion to invalidate the settlement agreement or specifically contested the settlement. The allegations in the response brief are an insufficient basis for reopening the injunctive relief claims, especially in light of the fact that Plaintiffs are represented by counsel.

[2] Defendants ARAMARK Correctional Services, LLC, and Mark Geddes claim that RLUIPA does not apply to them because they are a private corporation and its employee who provide food services to inmates under a contract with the KDOC. RLUIPA authorizes actions against only governmental entities, agencies of the

I.

As a preliminary matter, the Court must explain the scope of the claims which it reviews.

In their original Complaint and Amended Complaint, both filed *pro se*, Plaintiffs made claims under both RLUIPA and the First Amendment. Subsequently, however, Plaintiffs obtained legal counsel who drafted a Second Amended Complaint. (DN # 85). That document is clear, "This action is specifically drawn within the confines of U.S.C., Title 42, Section 2000c." (Second Amended Complaint at ¶ 38.) It clearly cites RLUIPA on multiple occasions as the basis for the lawsuit. No other statutory or Constitutional claims are raised in the Second Amended Complaint. While the Second Amended Complaint does "adopt all allegations set out in the Original and Supplemental Complaints," it does not necessarily adopt all causes of action pled in those complaints. Moreover, the Court finds that counsel for Plaintiffs made a choice to premise Plaintiffs' claims solely on RLUIPA and abandon any claims based specifically on the First Amendment. Plaintiffs' should be held to this decision; the Court will not reach into the Amended Complaint and infer claims that simply are not pled therein. Further, even in their Response to Defendants' Motions to Dismiss, Plaintiffs clearly premise their claims solely on RLUIPA, despite a passing reference to Constitutional rights. Defendants are required only to defend against the claims contained in the complaint.

In this case, the only remaining federal claims are solely premised on RLUIPA.

II.

---

government and persons acting under color of state law. 42 U.S.C. § 2000cc-5. Thus, there is a serious question whether a claim against ARAMARK can proceed. However, the Court need not answer this question unless it cannot dispose of the monetary damages issue.

About one year ago the Sixth Circuit addressed the availability of monetary damages under RLUIPA with respect to official capacity claims. *Cardinal v. Matrish,* 564 F.3d 794 (6th Cir. 2009). The question presented was whether the Eleventh Amendment prohibited a damages claim against official capacity defendants, as the defendants argued, or whether RLUIPA created a waiver of Eleventh Amendment immunity, as the plaintiffs argued. Under RLUIPA, a plaintiff may receive "appropriate relief." There is no specific mention of monetary damages. The Circuit concluded that "because RLUPIA's 'appropriate relief' language does not clearly and unequivocally indicate that the waiver [of sovereign] extends to monetary damage, the Eleventh Amendment bars Plaintiffs' claims for monetary relief under RLUIPA." *Id.* at 801.

While *Cardinal* clearly determined the issues related to Plaintiffs' official capacity claims, the Sixth Circuit has reserved ruling on whether RLUIPA allows for monetary damages against persons in their individual capacities. *See Heard v. Caruso*, 351 Fed. Appx. 1, 10 n.5 (6th Cir. 2009) ("This court has not ruled, however, on whether RLUIPA authorizes suits for monetary damages against state officials in their *individual* capacities) (emphasis in original). However, several other federal appellate courts have considered precisely that issue and all have held that RLUIPA, as an exercise of Congress' Spending Clause power, does not authorize a claim for damages against state employees in their individual capacities. *See Nelson v. Miller*, 570 F.3d 868, 877-79 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 187-89 (4th Cir. 2009); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1274 (11th Cir. 2007); *accord Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 641, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999); *National Collegiate Athletic Ass'n v. Smith*, 525 U.S. 459, 468, 119 S.Ct. 924, 142 L.Ed.2d 929 (1999).

3

Because the reasoning of those circuits is persuasive, this Court finds that the Sixth Circuit would likely follow suit.

RLUIPA was enacted pursuant to Congress' powers under the Spending Clause. *Cutter v. Wilkinson*, 423 F.3d 579 (6th Cir. 2005). "Such legislation has been described as creating a 'contract' between the federal government and the state that receives the federal funds." *Nelson*, 570 F.3d at 887. Only by accepting federal funds does the state become liable for any non-compliance with conditions imposed by the statute. *Id.* The individual defendants here do not receive any funds from the federal government. Therefore, they are not a party to the "contract" and are not liable for non-compliance with the conditions imposed by RLUIPA. *See, e.g., Smith*, 502 F.3d at 1273 ("Congress cannot use its Spending Power to subject non-recipient of federal funds, including a state official acting [in] his or her individual capacity, to private liability for monetary damages."); *accord Davis*, 526 U.S. at 641 (finding that under Title IX, another Spending Power statute, "[t]he Government's enforcement power may only be exercised against the funding recipient . . . and we have not extended damages liability under Title IX to parties outside the scope of this power.").[3]

Thus, the Court finds that no cause of action against any remaining Defendants in their individual capacities may proceed.

Being otherwise sufficiently advised,

---

[3] The Court certainly recognizes that this creates somewhat of a Catch 22 for plaintiffs seeking monetary relief under RLUIPA in the Sixth Circuit. The plaintiff may only sue state government actors. When sued in their official capacities, those actors are entitled to Eleventh Amendment immunity. When sued in their individual capacities, they simply are not liable under the statute. The practical result, of course, is that monetary damages are unavailable to a plaintiff who has been wronged in violation of RLUIPA. However, the Court is bound by the language of the statute and the application of Congress' Spending Powers. Should Congress decide that it wishes to impose liability for money damages against state's receiving federal funds, it may amend RLUIPA to require a waiver of Eleventh Amendment immunity. Without such an amendment, however, Plaintiffs' claims for money damages in this case simply cannot proceed.

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss are SUSTAINED and all claims against each remaining Defendant is DISMISSED WITH PREJUDICE. This is NOT a final order.

IT IS FURTHER ORDERED that on or before **April 21, 2010**, the parties should file any pleadings necessary before the Court enters a final order.

cc: Counsel of Record